COX, Circuit Judge,
specially concurring:
I join the court’s opinion except for the discussion relating to the jury instruction on mail fraud. Martinelli contends that the district court erred by failing to give an instruction informing the jury of the *1320 elements of mail fraud. The court finds that Martinelli failed to preserve the error he now alleges because he did not submit such an instruction at trial. I agree, and therefore also agree that the court’s failure to give such an instruction must be reviewed under our plain error test. However, in performing the plain error review, the majority opinion decides much more than it must. The court holds that the lack of an instruction on the elements of mail fraud: (1) did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings, (2) did not affect Martinelli’s substantial rights, (3) was not plain error, given our precedent, and (4) was not error at all. I agree with the first three of these holdings. Therefore, I concur in the result. I write separately to express my disagreement with the court’s holding that the district court did not err in instructing the jury.
It is true, as the court states, that it would not have been error for the district court to refuse to give the pattern instruction on mail fraud. Martinelli was not charged with mail fraud. And, the Government did not have to prove (as the pattern instruction requires) that Marti-nelli himself committed mail fraud to prove the charged crime of conspiracy to launder monies resulting from mail fraud. But Martinelli does not contend that he was entitled to the pattern instruction; he contends that he was entitled to an instruction informing the jury of the elements of mail fraud. Appellant’s Opening Br. at 13-15, 18-20. I agree.
I acknowledge that, in United States v. Silvestri, after finding that the defendant in that case had invited any error in the jury instructions and therefore was not entitled to appellate review of them, this court went on to hold that the district court did not err by giving an instruction that only cursorily described mail and wire fraud, the “specified unlawful activities” in that money laundering conspiracy case.[1] 409 F.3d 1311, 1337-38 n. 17 (11th Cir.2005). That holding in Silvestri, though unnecessary to the resolution of the case and confined to a footnote, nevertheless dictates the result in this case. Johnson v. DeSoto County Bd. of Comm’rs, 72 F.3d 1556, 1562 (11th Cir.1996) (“[W]e are bound by alternative holdings.”); McLellan v. Mississippi Power & Light Co., 545 F.2d 919, 925 n. 21 (5th Cir.1977) (“It has long been settled that all alternative rationales for a given result have precedential value.”). But, our precedent and common sense counsel that, on that point, Silvestri is wrongly decided.
In United States v. Martinez, 496 F.2d 664 (5th Cir.1974), a case in which the defendants were tried for conspiracy to import marijuana and conspiracy to possess marijuana with intent to distribute, the court held that the jury charge was plainly erroneous because it failed to “apprise [the jurors] of the definition, character or nature of the acts of importing, possessing, or distributing marijuana.” Id. at 669. Thus, Martinez requires that the district court tell the jury the essential character of the object of a conspiracy. Here, the object of the conspiracy was money laundering. But, it was not the laundering of just any monies. Rather, it was the laundering of monies generated by the unlawful activity specified in the indictment — mail fraud.
*1321 The text of the money laundering statute itself tells us that this is an important distinction. In pertinent part, the statute reads:
Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity —
(A)(i) with the intent to promote the carrying on of specified unlawful activity; or
(B) knowing that the transaction is designed in whole or in part—
(i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity;! ]
shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both.
18 U.S.C. § 1956(a)(1) (emphasis added).
When, in United States v. Miller, 22 F.3d 1075 (11th Cir.1994), we considered the appeal of a defendant who was convicted of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i), we found error in the money laundering jury instruction because it mistakenly identified a different “specified unlawful activity” from that charged in the indictment, an unlawful activity that had different elements. We described the instruction as “clearly flawed,” and explained that “a conviction was warranted only if the jury found beyond a reasonable doubt that the checks in question were proceeds from the federal offenses specified in the indictment.” Id. at 1079. Thus, Miller tells us that, in a money laundering case, when a jury is asked to find beyond a reasonable doubt that the laundered funds were proceeds of the “specified unlawful activity” alleged in the indictment, the jury must be instructed correctly what that “specified unlawful activity” is.
In this case, the jury was told that the “specified unlawful activity” was mail fraud, but it was never told exactly what mail fraud is. The jury instructions included this brief description of mail fraud:
Mail fraud is a crime as defined in Title 18 of the United States Code, Section 1341 as the use of the United States mails [or] transmitting something by private or commercial interstate carrier in carrying out a scheme to defraud. For purposes of these instructions, it is not important whether the defendant used the mail himself or rather that someone used either the United States Postal Service or some private mail carrier in furtherance of the scheme to defraud as set out in the indictment.
The jury in this case was required to find, beyond a reasonable doubt, that: (1) the funds Martinelli allegedly conspired to launder were proceeds of mail fraud, and (2) Martinelli had either intent to promote the carrying on of mail fraud or knowledge that the money laundering transactions were designed to conceal the proceeds of mail fraud. I do not believe it could do so absent an instruction that stated the elements of mail fraud.
To the extent Silvestri concludes otherwise, it is wrongly decided. In proclaiming that the district court’s brief descriptions of mail and wire fraud were enough to apprise the jury of the “specified unlawful activity” in that case, Silvestri completely ignores Martinez and Miller and fails to explain how a jury could make the required findings. Silvestri relies on the well-accepted premise that terms within the common understanding of the jury need not be defined in the jury instrue- *1322 tions. But it extends that rule too far. Silvestri cites no authority to support its holding that “defraud” and “promote” are legal terms “well within the common understanding of the jury” and therefore need not be defined. 409 F.3d at 1338 n. 17 (internal quotation omitted). And, even accepting that assertion as true, by focusing on these terms alone, Silvestri answers the argument that the jurors may not have understood mail fraud and wire fraud the alleged sources of the monies intended to be laundered by reducing those crimes to just two words. Silvestri says that because jurors understand “defraud” and “promote,” jurors also understand what mail fraud and wire fraud mean without being told. Therefore, Silvestri reasons, no jury charge defining those crimes is necessary.[2] Id.
This holding in Silvestri and its application in this case threaten a defendant’s right to a jury verdict of guilt beyond a reasonable doubt because they place too much faith in jurors’ common understanding. When a “specified unlawful activity” is complicated, like mail fraud, a cursory description of it cannot suffice. The jury should be told the essential character of the unlawful activity that yielded the monies allegedly intended to be laundered. Here, the jury had to find, beyond a reasonable doubt, that the monies Martinelli was charged with laundering arose out of a crime, during which someone (not necessarily Martinelli): (1) used the mails, (2) as part of willful participation in, (3) a scheme to defraud others by making false or fraudulent representations or promises, (4) related to material facts.[3] The jury also had to find that Martinelli conspired to engage in money laundering either with intent to promote the use of the mails for this purpose or with knowledge that he was acting to conceal monies generated by the use of the mails for this purpose. These are not simple determinations, and the defendant has a right to have the court give the jury detailed guidance.
The problem inherent in giving just a cursory description of the “specified unlawful activity” is highlighted when we consider Martinelli’s contention that a good faith jury instruction should have been given. Martinelli argued at trial that the money he allegedly conspired to launder was not the proceeds of any fraud but rather the profits of a legitimate business. In support of that defense, Martinelli requested a jury instruction that good faith is a defense to mail fraud and, in this case, money laundering. The court’s opinion reasons that, even though there was some evidence of good faith, the district court’s refusal to give the good faith instruction was not an abuse of discretion, in part because the district court told the jury that Martinelli had to know that the money he allegedly conspired to launder was the proceeds of unlawful activity. But that instruction did not tell the jury that, in order for the monies to be the proceeds of mail fraud, someone had to have willfully made false representations of material *1323 facts for the purpose of defrauding others. Martinelli’s proposed instruction regarding good faith was targeted at this element of conspiracy to commit money laundering— whether the monies intended to be laundered were actually the proceeds of mail fraud or whether they were the proceeds of innocent representations. So, once again, the questions go unanswered: Without being told exactly what mail fraud is, how could the jury find, beyond a reasonable doubt, that the monies Martinelli conspired to launder were proceeds of mail fraud? And, how could the jury find, beyond a reasonable doubt, that Martinelli conspired to launder the monies with the intent to promote mail fraud or with knowledge that the money laundering transactions were designed to conceal the proceeds of mail fraud?
I concur in the result in this case because, given Silvestri, the jury instructions in this case cannot be found deficient. Nevertheless, I think they were deficient. And, I am convinced that Silvestri was wrongly decided.

. In Silvestri, the district court told the jury that 18 U.S.C. § 1341, "makes it a federal crime or offense for anyone to use the United States mails in carrying out a scheme to defraud,” and that 18 U.S.C. § 1343 "makes it a federal crime or offense for anyone to use an interstate wire communications facility in carrying out a scheme to defraud.” Silvestri, 409 F.3d at 1326.

. If this holding that mail fraud and wire fraud are within the common understanding of jurors is correct, then it must also be true that a defendant charged with mail fraud or wire fraud is not entitled to have the jury instructed on the elements of that offense. That cannot be the law.

. The majority opinion misleadingly asserts that the Government did not have to prove any of the elements of mail fraud. While it is true that the Government did not have to prove that Martinelli himself engaged in behavior satisfying each of the elements of that crime, the Government did have to prove, beyond a reasonable doubt, that the monies it accused Martinelli of conspiring to launder were, in fact, proceeds of mail fraud. See 18 U.S.C. § 1956(a)(1). Thus, the Government had to prove that mail fraud (including all its elements) was committed and generated those monies.